PERKINSCOIe

30 Rockefeller Plaza
22nd Floor
New York, NY 10112-0085

T +1.212.262.6900
F +1.212.977.1649
perkinscoie.com

April 30, 2018

Kathleen M. O'Sullivan
KOSullivan@perkinscoie.com
D. +1.206.359.6375
F. +1.206.359.7375

**VIA ECF**

Honorable Joan M. Azrack, United States District Judge
United States District Court, Eastern District of New York
Long Island Courthouse
100 Federal Plaza
Central Islip, NY 11722

Re:   *Leibowitz v. Costco Wholesale Corp. and Trident Seafoods Corp.*, No. 1:18-cv-01254

Dear Judge Azrack:

We represent Defendants Costco Wholesale Corporation and Trident Seafoods Corporation and write to request a pre-motion conference prior to moving to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6) and 12(b)(1).

Plaintiff commenced this putative consumer class action to challenge the labeling of Kirkland Wild Alaskan Fish Oil ("Fish Oil"), a supplement manufactured by Trident and sold by Costco. Plaintiff alleges that the Fish Oil label misstates the amount of omega fatty acids in the product. Within three weeks of the filing of the Complaint, Defendants provided Plaintiff with testing reports from two independent labs confirming that the Fish Oil content conforms to the statements on the labels. Plaintiff twice rejected our informal requests to provide its own lab analyses to us, and we anticipate filing a dispositive motion promptly after discovery commences given Plaintiff's inability to genuinely dispute the correctness of the Fish Oil labels.

We seek leave to file a pre-discovery motion under Rules 12(b)(6) and 12(b)(1) that will eliminate two of the six claims alleged by Plaintiff, and one form of relief sought. *First*, as to his fraud claim, Plaintiff fails to sufficiently allege scienter. *Second*, Plaintiff's unjust enrichment claim is impermissibly duplicative of his tort and statutory claims. *Third*, Plaintiff lacks standing to seek injunctive relief because there is no risk he will suffer potential future harm.

A.   **Plaintiff's Allegations**

Plaintiff's case rests on one core allegation: That the amount of omega fatty acids in the Fish Oil is misstated. Compl. ¶ 5. The Fish Oil label says the product "contains 1050 mg of Unsaturated Fatty Acids, consisting of 330 mg of Total Omega-3 Fatty acids and 720 milligrams of Omega Fatty Acids 5,6,7,9, & 11 per serving." Compl. ¶ 18. Plaintiff alleges these numbers are incorrect: According to Plaintiff, "the Product contain[s] only 346.1 mg total omega-5s, 6s, 7s, 9s, and 11s, which is only 48.1 percent of the promised amount of such omegas." Compl. ¶ 20.

Honorable Joan M. Azrack, United States District Judge
April 30, 2018
Page 2

Plaintiff brings six claims based on this core allegation: (1) violations of the New York Consumer Protection Law, N.Y. Gen. Bus. Law §§ 349, 350; (2) common law fraud; (3) breach of express warranty; (4) breach of implied warranty of merchantability; (5) unjust enrichment; and (6) declaratory relief. Compl. ¶¶ 42–93. Plaintiff seeks, among other forms of relief, damages, disgorgement, and an injunction. Compl. at 20.

### B. Grounds for Dismissal

For the following reasons, Defendants seek this Court's leave to file a motion to dismiss Plaintiff's fraud and unjust enrichment claims under Rule 12(b)(6) and his request for injunctive relief under Rule 12(b)(1).

#### 1. Plaintiff's cursory allegations of scienter are insufficient to sustain his fraud claim

A fraud claim requires a plaintiff to prove that defendant made "a material misrepresentation or omission . . . with *the intent to defraud*." *Fin. Guar. Ins. Co. v. Putman Advisory Co., LLC*, 783 F.3d 395, 402 (2d Cir. 2015). In pleading scienter, a plaintiff needs to allege facts that give rise to a strong inference of fraudulent intent "either (a) by alleging facts to show that defendants had both motive and opportunity to commit fraud, or (b) by alleging facts that constitute strong circumstantial evidence of conscious misbehavior or recklessness." *Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994).

Plaintiff's fraud claim fails on either theory. First, in support of Defendants' motive, Plaintiff alleges only that the Fish Oil label enabled Defendants to profit in a "billion-dollar industry." Compl. ¶¶ 16. But, as numerous courts have recognized, a company's "generalized motive to satisfy consumers' desires, increase sales and profits, 'does not support a strong inference of fraudulent intent.'" *In re Frito-Lay N. Am., Inc., all Nat. Litig.*, No. 12-md-2413 (RRM) (RLM), 2013 WL 4647512, at *26 (E.D.N.Y. Aug. 29, 2013) (quoting *Chill v. Gen. Elec. Co.*, 101 F.3d 263, 268 (2d Cir. 1996)). Second, the Complaint makes only conclusory allegations as to Defendants' recklessness or conscious misbehavior, *see* Compl. ¶¶ 48, 64, which are insufficient to support a fraud claim under Second Circuit case law, *see Shields*, 25 F.3d at 1129 (plaintiff's comments "that Defendants 'knew but concealed' some things, or 'knew or were reckless in not knowing' other things" insufficient to give rise to strong inference of scienter).

#### 2. Plaintiff's unjust enrichment claim impermissibly duplicates his statutory and common law claims

Under well-settled law, "'[a]n unjust enrichment claim is not available where it simply duplicates, or replaces, a conventional contract or tort claim.'" *Sitt v. Nature's Bounty, Inc.*, 15-cv-4199 (MKB), 2016 WL 5372794, at *18 (E.D.N.Y. Sept. 26, 2016) (quoting *Corsello v.*

Honorable Joan M. Azrack, United States District Judge
April 30, 2018
Page 3

*Verizon N.Y., Inc.*, 18 N.Y.3d 777, 790 (2012)). Here, Plaintiff's unjust enrichment claim is based on the same factual allegations that underpin his tort and statutory claims. *Compare* Compl. ¶ 85 (Defendants were unjustly enriched because "labeling of the Product was misleading to consumers, which caused injuries to Plaintiff and Class Members because they would not have purchased the Product if the true facts had been known"), *with* Compl. ¶ 50 (alleging, as part of his statutory claims, that Plaintiff and class members would not have purchased the Fish Oil absent the allegedly misleading label claims). Because the unjust enrichment claim merely duplicates the other claims, it must be dismissed. *See Sitt*, 2016 WL 5372794, at *18 (dismissing unjust enrichment claim that was based on the same allegations as GBL §§ 349, 350 claims).

### 3. Plaintiff lacks standing to seek prospective injunctive relief

A plaintiff who seeks injunctive relief is injured within the meaning of Article III only if she can "demonstrate that she is likely to be harmed again in the future in a similar way." *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 239 (2d Cir. 2016) (affirming dismissal of request for injunction in putative class action where Amazon discontinued sale of goods at issue and plaintiff "failed to allege that he intends to use Amazon in the future to buy *any* products"). In the product labeling context, this means a plaintiff must—at minimum—plausibly allege an intent to purchase the product at issue in the future. *See Daniel v. Mondelez Int'l, Inc.*, 17-CV-00174 (MKB), 2018 WL 1087953, at *4–5 (E.D.N.Y. Feb. 26, 2018) (dismissing request for injunctive relief in putative class action where plaintiff failed to allege an intent to purchase the product at issue in the future). Plaintiff's Complaint is equally defective. Lacking any allegation of an intent to purchase the Fish Oil again in the future, Plaintiff lacks standing to seek injunctive relief.

### C. Conclusion

For the reasons set forth above, Costco and Trident respectfully request leave to file a motion to dismiss pursuant to Rules 12(b)(6) and 12(b)(1).

Respectfully,

*/s/ Kathleen M. O'Sullivan*
Kathleen M. O'Sullivan