Case 2:18-cv-01254-JMA-AKT   Document 14   Filed 05/07/18   Page 1 of 5 PageID #: 53



155 2ND STREET, SUITE 4 • JERSEY CITY, NEW JERSEY 07302 • TEL (877) 561-0000 • FAX (855) JTB-LAWS
WWW.IFIGHTFORYOURRIGHTS.COM

May 7, 2018

**VIA ECF**

Honorable Joan M. Azrack, United States District Judge
United States District Court, Eastern District of New York
Long Island Courthouse
100 Federal Plaza
Central Islip, NY 11722

    Re:    *Leibowitz v. Costco Wholesale Corp. and Trident Seafoods Corp.,*
             *No. 1:18-cv-01254*

    We represent Plaintiff, Norman Leibowitz ("Plaintiff") and the proposed class, in the above-captioned action. On April 30, 2018, counsel for Defendants, Costco Wholesale Corporation and Trident Seafoods Corporation ("Defendants"), filed a letter requesting a pre-motion conference prior to moving to dismiss Plaintiff's Complaint. ECF No. 13. Plaintiff writes in response to the claims and arguments addressed by Defendants in their letter.

    Plaintiff filed his class action complaint, individually and on behalf of all New York residents who purchased Defendants' Kirkland Wild Alaskan Fish Oil (the "Product"). ECF No. 1. Plaintiff alleges that Defendants' Product label states that its Product contains 1,050 mg Omega unsaturated fatty acids, when in fact, independent laboratory testing and Plaintiff's own testing has revealed that the Product contains a substantially lower amount of Omega fatty acids than advertised. *See* Plaintiff's Class Action Complaint ("Compl.").

    Prior to filing his Complaint, Mr. Leibowitz provided Defendants with timely pre-suit notice regarding the problems at issue in this litigation and, notwithstanding such notice, Defendants failed and refused to offer an effective remedy. Plaintiff's counsel advised Defendants' counsel of the same and proceeded with the filing of this case.

    Defendants' letter only addresses three of the six claims alleged by Plaintiff in the Complaint. First, as to Plaintiff's common law fraud claim, Defendants argue that Plaintiff fails to sufficiently allege scienter. Next, Defendants argue that Plaintiff's unjust enrichment claim is duplicative of his tort and statutory claims. Lastly, Defendants argue that Plaintiff lacks standing to seek injunctive relief because there is no risk he will suffer potential future harm.

    Plaintiff is confident in his ability to survive a motion to dismiss any of his claims, and Plaintiff and his counsel are fully prepared to file a more detailed response to Defendants'

1

motion should the Court grant Defendants leave to file.  Notwithstanding, Plaintiff will address each of Defendants' arguments in turn.[1]

### A. Plaintiff Has Adequately Alleged Scienter Sufficient to Sustain His Common Law Fraud Claim.

The Second Circuit has stated that courts should be lenient in allowing scienter issues to survive motions to dismiss. *In re DDAVP Direct Purchaser Antitrust Litig.*, 585 F.3d 677, 693 (2d Cir. 2009).  Furthermore, scienter "may be alleged generally" (Fed. R. Civ. P. 9(b)) and is often inferred from circumstantial evidence. *Pludeman v. N. Leasing Sys., Inc.*, 10 N.Y.3d 486, 488 (N.Y. 2008); *see also Gabriele v. Am. Home Mortg. Serv., Inc.*, 503 F. App'x 89, 97 (2d Cir. 2012) (explaining that a party can demonstrate a "strong inference of fraudulent intent by (1) alleging facts to show that defendants had both motive and opportunity to commit fraud, or by (2) alleging facts that constitute strong circumstantial evidence of conscious misbehavior or recklessness" (alterations omitted) (quoting *S.Q.K.F.C., Inc. v. Bell Atl. TriCon Leasing Corp.*, 84 F.3d 629, 634 (2d Cir. 1996))).  "An egregious refusal to see the obvious, or to investigate the doubtful, may in some cases give rise to an inference of recklessness." *Chill v. Gen. Elec. Co.*, 101 F.3d 263, 268 (2d Cir. 1996) (citation omitted).

Here, Plaintiff has more than adequately pled facts to support an inference of "conscious misbehavior or recklessness." *See Gabriele*, 503 F. App'x at 97; *see also Glidepath Holding B.V. v. Spherion Corp.*, 590 F. Supp. 2d 435, 456 n.8 (S.D.N.Y. 2007) ("However, [the p]laintiffs need not plead both 'motive and opportunity' *and* 'conscious misbehavior or recklessness' to prove scienter. One is sufficient.").  Plaintiff has alleged that Defendants were aware that their label claims were false and misleading and intended that Plaintiff and the Class rely on the misrepresentations.  Compl. ¶¶ 60, 64.  Defendants made these misrepresentations in order to sell more of the Product and capitalize on the over a billion-dollar fish oil industry. *Id*. ¶ 16.  Furthermore, Plaintiff has alleged that tests conducted by an independent laboratory on the Product, as well as tests conducted by Plaintiff's counsel confirmed the false and misleading claims – that the Product label states that the Product contains 1050 mg of Unsaturated Fatty Acids, consisting of 330 mg of Total Omega-3 Fatty acids and 720 milligrams of Omega Fatty Acids 5,6,7,9, & 11 per serving when the Product actually contained substantially less than the promised 1050 mg of Whole Omega Fatty Acids *See Id*. ¶¶ 18-22.  Therefore, it stands to reason that, if Plaintiff tested Defendants' Product for the amount of Omega Fatty Acids contained in the Product, as well as an independent laboratory, Defendants could have easily had their Products or ingredients tested (if they had wanted to know the truth about whether their Products contained the proper amount of Whole Omega Fatty Acids).  These facts support an inference of fraudulent intent. *See Hughes v. Ester C Co.*, 930 F.Supp.2d 439, 473 (2013) (finding that the

---

[1] To the extent that the Court finds Plaintiff's claims insufficiently particularized, Plaintiff asks that the Court grant Plaintiff leave to amend in accordance with Federal Rule of Civil Procedure 15(a)(2), which "provides for a liberal amendment of pleadings." *See Guideone Specialty Mut. Ins. Co. v. Hapletah*, No. 05 Civ. 1401, 2006 WL 1455468, at *1 (E.D.N.Y. May 24, 2004); *see also Iqbal v. Ashcroft*, 574 F.3d 820, 822 (2d Cir. 2009) (quoting Fed. R. Civ. P. 15(a)(2)) (A court "should freely give leave when justice so requires"); *Grace v. Rosenstock*, 228 F.3d 40, 56 (2d Cir. 2000) (same).

plaintiffs adequately alleged scienter where the defendants were aware of lacking supporting scientific evidence for their claims); *Lawati v. Montague Morgan Slade Ltd.*, 961 N.Y.S.2d 5, 8 (App. Div. 2013) (finding that the plaintiff adequately alleged fraud where the defendant told one of plaintiff's investors about business operations in a local office that did not actually exist, "permit[ting] a reasonable inference that he knew the statements . . . were false"); *cf. In re Frito-Lay North Am., Inc. All Nat. Litig.*, 2013 WL 4647512, at *26 (rejecting the plaintiffs' argument that the defendant had displayed "conscious misbehavior or recklessness" where the "plaintiffs never allege[d] that Frito-Lay knew the products contained genetically modified corn" and, "[w]ithout knowledge of falsity, Frito-Lay could not have intended to defraud [the] plaintiffs").

The allegations here are not like those in the cases cited by Defendants, where the plaintiffs only made conclusory allegations and provided no particularized facts to support the inference that the defendants acted recklessly or with fraudulent intent. For that reason, the Complaint adequately pleads the scienter element.

### B. Plaintiff Has Pled His Unjust Enrichment Claim in the Alternative.

Federal Rules of Civil Procedure 8(a) and 8(d)(2) specifically authorize a plaintiff to plead causes of action in the alternative. Here, Plaintiff has properly pled both equitable and legal relief, as alternative forms of relief. Because the adequacy of Plaintiff's remedies at law is still in dispute, it would be premature to dismiss Plaintiff's request for equitable relief at this time, and, in any event, the issue is one of fact that is not proper for resolution at this stage of the proceedings.

### C. Plaintiff Has Standing to Seek Injunctive Relief.

Defendants contend that because Plaintiff lacks allegation of an intent to purchase the Product again in the future, Plaintiff lacks standing to seek injunctive relief. However, courts have consistently held that plaintiffs have standing to seek injunctive relief based on the allegation that a product's labeling or marketing is misleading to a reasonable consumer. To hold otherwise would "effectively bar any consumer who avoids the offending product from seeking injunctive relief." *Ackerman v. Coca-Cola Co.*, No. 09 CV 395 DLI RML, 2013 WL 7044866, at *23 (E.D.N.Y. July 18, 2013) (quoting *Koehler v. Litehouse, Inc.*, No. 12 CV 04055, 2012 WL 6217635, at *6 (N.D. Cal. Dec.13, 2012) (concluding that the plaintiff had standing to sue for injunctive relief even though he admitted he did not intend to make another purchase of the product in question ("Bleu Cheese Yogurt Dressing with Probiotics") because the product did not "boost immunity" as advertised); *see also Gelb v. Am. Tel. & Tel. Co.*, 150 F.R.D. 76, 77 n. 3 (S.D.N.Y.1993) (finding standing where Plaintiff alleges he was defrauded by defendants and that the fraudulent practices were ongoing at the time the Complaint was filed).

Here, Defendants' deceptive conduct is ongoing. Plaintiff seeks to be relieved from Defendants' misleading and deceptive practices in the future. "This is the harm New York's . . . consumer protection statute [is] designed to redress." *Ackerman*, at *23. Accordingly, Plaintiff Leibowitz does have standing to seek injunctive relief.

3

Respectfully submitted,

Dated: May 7, 2018

        By:   /s/ Jason T. Brown
        Jason T. Brown (NY Bar # 4389854)
        Nicholas Conlon (NY Bar # 801616)
        **JTB LAW GROUP, LLC**
        155 2nd Street, Suite 4
        Jersey City, NJ 07302
        Phone: (201) 630-0000
        Fax: (855) 582-5297
        Email:  jtb@jtblawgroup.com
                nicholasconlon@jtblawgroup.com

        Nick Suciu III
        **BARBAT, MANSOUR & SUCIU PLLC**
        1644 Bracken Rd.
        Bloomfield Hills, Michigan 48302
        Tel: (313) 303-3472
        Email: nicksuciu@bmslawyers.com

        Jonathan Shub
        Kevin Laukaitis
        **KOHN, SWIFT & GRAF, P.C.**
        One South Broad Street, Suite 2100
        Philadelphia, PA 19107-3304
        Tel: (215) 238-1700
        Fax: (215) 238-1968
        Email:  jshub@kohnswift.com
                klaukaitis@kohnswift.com

        Gregory F. Coleman
        **GREG COLEMAN LAW, P.C.**
        First Tennessee Plaza
        800 S. Gay Street. Suite 1100
        Knoxville, TN 37929
        Telephone: (865) 247-0090
        Facsimile:  (865) 522-0049
        Email: greg@gregcoleman.law

*Attorneys for Plaintiff and the Proposed Class*

CC: Defense Counsel (via ECF)