UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| NORMAN LEIBOWITZ, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>COSTCO WHOLESALE CORPORATION, and TRIDENT SEAFOODS CORPORATION,<br><br>Defendants. | Case No. 2:18-CV-01254-JMA<br><br>ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT TRIDENT SEAFOODS CORPORATION TO PLAINTIFF'S CLASS ACTION COMPLAINT |

140642723.5

Defendant Trident Seafoods Corporation ("Trident"), for its answer and affirmative defenses to the Class Action Complaint ("Complaint") of plaintiff Norman Leibowitz ("Plaintiff"), states:

## NATURE OF THE ACTION

1. Trident admits that Costco Wholesale Corporation ("Costco") advertises and sells in its warehouse locations and on Costco.com various fish oil products, including Kirkland Signature Wild Alaskan Fish Oil (the "Fish Oil"). Trident admits that it manufactures the Fish Oil using third-party encapsulators and a third-party bottler/labeler. Except as expressly admitted, Trident denies the remaining allegations in Paragraph 1.

2. Trident lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 and, on that basis, denies the allegations

3. Trident denies the allegations in Paragraph 3.

4. The Fish Oil label speaks for itself. Except as expressly admitted, Trident denies the remaining allegations in Paragraph 4.

5. Trident denies the allegations in Paragraph 5.

6. Trident denies the allegations in Paragraph 6.

7. Trident admits that Plaintiff purports to bring this action and the stated claims on behalf of herself and "similarly situated" New York residents, and seeks the stated relief. Trident denies the remaining allegations in Paragraph 7, and specifically denies the violation of any law and that class treatment of Plaintiff's purported claims is appropriate.

## JURISDICTION AND VENUE

8. The allegations in Paragraph 8 state legal conclusions to which no response is required. To the extent a response is required, Trident denies that Plaintiff has stated a claim or entitlement to any relief whatsoever, but admits that the combined claims of the proposed class members exceed $5,000,000 and further admits that Defendants are Washington corporations that are citizens of different states from the proposed class members (who are residents of the State of New York).

140642723.5

9. The allegations in Paragraph 9 state legal conclusions to which no response is required. To the extent a response is required, Trident admits that personal jurisdiction exists over it in this Court for purposes of this action only.

10. Trident lacks knowledge or information sufficient to form a belief as to where the purported events or omissions giving rise to Plaintiff's claims occurred and whether Plaintiff resides in this District and, on that basis, denies the allegations. The remaining allegations in Paragraph 10 state legal conclusions to which no response is required. To the extent a response is required, Trident denies the allegations.

## PARTIES

11. Trident lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 and, on that basis, denies the allegations.

12. Trident admits the allegations in Paragraph 12.

13. Trident admits the allegations in Paragraph 13.

14. Trident lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 and, on that basis, denies the allegations.

15. Trident denies the allegations in Paragraph 15.

## FACTUAL ALLEGATIONS

16. Trident admits that the sale of fish oil dietary supplements is one component of the market for fish oil. Trident lacks knowledge or information sufficient to form a belief as to the total sales in that market and, on that basis, denies the remaining allegations in Paragraph 16.

17. Trident admits that FDA has concluded that research shows that consumption of EPA and DHA Omega-3 fatty acids may reduce the risk of coronary heart disease. Trident lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 17 and, on that basis, denies them.

18. The Fish Oil label speaks for itself. Trident denies all remaining allegations in Paragraph 18.

140642723.5

19. The allegations in Paragraph 19 state legal conclusions to which no response is required. To the extent a response is required, Trident denies the allegations.

20. Trident lacks knowledge or information sufficient to form a belief as to the testing purportedly performed by Consumer Lab, LLC and, on that basis, denies the allegations.

21. Trident lacks knowledge or information sufficient to form a belief as to the testing purportedly commissioned by Plaintiff's counsel and, on that basis, denies the allegations.

22. Trident denies the allegations in Paragraph 22.

23. Trident denies the allegations in Paragraph 23.

24. Trident denies the allegations in Paragraph 24.

25. Trident denies the allegations in Paragraph 25.

26. The allegations in Paragraph 26 state legal conclusions to which no response is required. To the extent a response is required, Trident denies the allegations.

27. Trident denies the allegations in Paragraph 27.

28. Trident denies the allegations in Paragraph 28.

29. The allegations in Paragraph 29 state legal conclusions to which no response is required. To the extent a response is required, Trident denies the allegations.

30. The allegations in Paragraph 30 state legal conclusions to which no response is required. To the extent a response is required, Trident denies the allegations.

31. The allegations in Paragraph 31 state legal conclusions to which no response is required. To the extent a response is required, Trident denies the allegations.

32. Trident denies the allegations in Paragraph 32.

## CLASS ACTION ALLEGATIONS

33. Trident admits that Plaintiff seeks to bring this action on behalf of herself and purportedly similarly situated individuals. Except as expressly admitted, Trident denies the allegations in Paragraph 33, and specifically denies that class treatment of Plaintiff's claims is appropriate.

34. Trident admits that Plaintiff purports to maintain a class of New York residents who purchased the Fish Oil, and to exclude certain persons and entities from this class, as set forth in Paragraph 34. Except as expressly admitted, Trident denies the allegations in Paragraph 34, and specifically denies that class treatment of Plaintiff's claims is appropriate and that the definitions and descriptions of the proposed class are appropriate.

35. Trident denies the allegations in Paragraph 35, and specifically denies that class treatment of Plaintiff's claims is appropriate.

36. Trident denies the allegations in Paragraph 36, and specifically denies that class treatment of Plaintiff's claims is appropriate.

37. Trident denies the allegations in Paragraph 37, and specifically denies that class treatment of Plaintiff's claims is appropriate.

38. Trident denies the allegations in Paragraph 38, and specifically denies that class treatment of Plaintiff's claims is appropriate.

39. Trident lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39 regarding the financial resources of Plaintiff and his counsel and, on that basis, denies the allegations. Trident denies all remaining allegations in Paragraph 39, and specifically denies that class treatment of Plaintiff's claims is appropriate.

40. Trident denies the allegations in Paragraph 40, and specifically denies that any relief for Plaintiff or a class is appropriate.

41. Trident denies the allegations in Paragraph 41, and specifically denies that class treatment of Plaintiff's claims is appropriate.

140642723.5

## CAUSES OF ACTION

### COUNT I
### VIOLATIONS OF THE NEW YORK CONSUMER PROTECTION FROM DECEPTIVE ACTS AND PRACTICES, GEN. BUS. § 349, AND NEW YORK FALSE ADVERTISING ACT, GEN. BUS § 350
### On Behalf of the Class

42. Trident restates and incorporates by reference its answers in the preceding paragraphs.

43. The allegations in Paragraph 43 state legal conclusions to which no response is required.  To the extent a response is required, Trident denies the allegations, and specifically denies the violation of any law.

44. Trident lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44 and, on that basis, denies the allegations.

45. The allegations in Paragraph 45 state legal conclusions to which no response is required.  To the extent a response is required, Trident denies the allegations.

46. The allegations in Paragraph 46 state legal conclusions to which no response is required.  To the extent a response is required, Trident denies the allegations.

47. Trident denies the allegations in Paragraph 47.

48. Trident denies the allegations in Paragraph 48.

49. Trident denies the allegations in Paragraph 49.

50. Trident denies the allegations in Paragraph 50.

51. Trident denies the allegations in Paragraph 51.

52. Trident denies the allegations in Paragraph 52.

53. The allegations in Paragraph 53 state legal conclusions to which no response is required.  To the extent a response is required, Trident denies the allegations, and specifically denies that it made any deceptive or misleading statements.

54. Trident denies the allegations in Paragraph 54.

55. Trident denies the allegations in Paragraph 55.

56. Trident denies the allegations in Paragraph 56, and specifically denies that Plaintiff has suffered any damages.

## COUNT II
## COMMON LAW FRAUD
### On Behalf of the Class

57. Trident restates and incorporates by reference its answers in the preceding paragraphs.

58. Trident denies the allegations in Paragraph 58.

59. Trident denies the allegations in Paragraph 59.

60. Trident denies the allegations in Paragraph 60.

61. Trident denies the allegations in Paragraph 61.

62. Trident denies the allegations in Paragraph 62.

63. Trident denies the allegations in Paragraph 63.

64. Trident denies the allegations in Paragraph 64, and specifically denies that Plaintiff has suffered any damages.

## COUNT III
## BREACH OF EXPRESS WARRANTY
### On Behalf of the Class

65. Trident restates and incorporates by reference its answers in the preceding paragraphs.

66. The allegations in Paragraph 66 state legal conclusions to which no require is required. To the extent a response is required, Trident denies the allegations.

67. The allegations in Paragraph 67 state legal conclusions to which no require is required. To the extent a response is required, Trident denies the allegations.

68. The allegations in Paragraph 68 state legal conclusions to which no requires is required. To the extent a response is required, Trident denies the allegations.

69. Trident denies the allegations in Paragraph 69.

70. Trident denies the allegations in Paragraph 70.

140642723.5

71. Trident denies the allegations in Paragraph 71, and specifically denies that Plaintiff has suffered any damages.

## COUNT IV
### BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY
### (N.Y. U.C.C. § 2-314)
### On Behalf of the Class

72. Trident restates and incorporates by reference its answers in the preceding paragraphs.

73. The allegation in Paragraph 73 states a legal conclusion to which no response is required. To the extent a response is required, Trident denies the allegation.

74. The allegation in Paragraph 74 states a legal conclusion to which no response is required. To the extent a response is required, Trident denies the allegation.

75. The allegation in Paragraph 75 states a legal conclusion to which no response is required. To the extent a response is required, Trident denies the allegation.

76. Trident denies the allegations in Paragraph 76.

77. Trident denies the allegation in Paragraph 77.

78. Trident denies the allegation in Paragraph 78.

79. The allegations in Paragraph 79 state a legal conclusion to which no response is required. To the extent a response is required, Trident denies the allegations.

80. Trident denies the allegations in Paragraph 80.

81. Trident denies the allegations in Paragraph 81, and specifically denies that Plaintiff has suffered any damages.

## COUNT V
### UNJUST ENRICHMENT
### On Behalf of the Class

82. Trident restates and incorporates by reference its answers in the preceding paragraphs.

83. Trident denies the allegations in Paragraph 83.

84. The allegations in Paragraph 84 state legal conclusions to which no response is required. To the extent a response is required, Trident denies the allegations.

85. Trident denies the allegations in Paragraph 85.

86. Trident denies the allegations in Paragraph 86, and specifically denies that Plaintiff is entitled to any relief.

## COUNT VII [sic]
### DECLARATORY RELIEF UNDER THE DECLARATORY JUDGMENT ACT
### On Behalf of the Class

87. Trident restates and incorporates by reference its answers in the preceding paragraphs.

88. The allegations in Paragraph 88 state legal conclusions to which no response is required. To the extent a response is required, Trident denies the allegations.

89. The allegations in Paragraph 89 state legal conclusions to which no response is required. To the extent a response is required, Trident denies the allegations.

90. The allegations in Paragraph 90 state legal conclusions to which no response is required. To the extent a response is required, Trident denies the allegations.

91. Trident denies the allegations in Paragraph 91.

92. Trident admits that Plaintiff purports to seeks the stated relief. Trident denies the remaining allegations in Paragraph 92, and specifically denies that Plaintiff is entitled to any relief.

93. Trident admits that Plaintiff purports to seek the stated relief. Trident denies the remaining allegations in Paragraph 93, and specifically denies that Plaintiff is entitled to any relief.

## PRAYER FOR RELIEF

In answer to Paragraphs (A) through (K) of Plaintiff's Prayer for Relief, Trident denies the allegations and denies that Plaintiff is entitled to the requested relief, or any other.

140642723.5

## DEFENSES AND AFFIRMATIVE DEFENSES

Trident further responds to the Complaint by alleging the following defenses or affirmative defenses:

1. The Complaint fails to state a claim upon which relief may be granted.

2. Trident denies all allegations not expressly admitted and reserves any and all defenses it may have against Plaintiff and the putative class. It is not necessary at this time for Trident to articulate defenses against the putative class because no class has been certified, and no putative class members are parties to this suit.

3. Trident is in compliance with all state and federal statutes, regulations, or other laws in effect at the time of its alleged conduct, and therefore is not liable for any wrongs alleged in the Complaint.

4. The Fish Oil label is truthful and accurate. As such, the label referenced in the Complaint is not, and was not, deceptive, false, misleading, fraudulent, unlawful, or unfair, nor was the label intended to mislead or deceive any consumer.

5. Plaintiff's claims are barred because no "reasonable consumer" would be misled by the Fish Oil label.

6. Plaintiff's claims are barred because Plaintiff and the putative class members, at all times, knew or were aware of the benefits, characteristics, and uses of the Fish Oil they purchased, and therefore could not have reasonably or justifiably relied upon the alleged misrepresentations asserted in the Complaint.

7. Plaintiff and the putative class members are barred from making the claims for relief set forth in the Complaint because they have enjoyed the full benefit of the products they purchased from Costco.

8. Plaintiff's claims are barred because federal law preempts each cause of action. Specifically, Plaintiff's claims are preempted under the Nutritional Labeling and Education Act, 21 U.S.C. § 343-1(a).

9.  Plaintiff's claims are barred by the free speech guarantees of the United States Constitution, the New York Constitution, and any other state constitution that is invoked in this litigation.

10.  Plaintiff's claims and the putative class members' claims are barred because Plaintiff and the putative class members lack standing to pursue the claims asserted.

11.  Neither Plaintiff nor any of the putative class members have sustained or suffered any injury or damage as a result of any actions allegedly taken by Trident, and are thus barred from asserting any claims against Trident.

12.  Plaintiff's damages are purely speculative, remote, and impossible to ascertain, quantify, or allocate, and are thus barred from asserting any claims against Trident.

13.  Neither Plaintiff nor any putative class member is entitled to any injunctive, declaratory or equitable relief because adequate legal remedies are available at law, and because Plaintiff has not demonstrated that he has suffered or will suffer irreparable harm or injury.

14.  Plaintiff and the putative class members cannot pursue this lawsuit as a class action because the putative plaintiff class representative's claims are not sufficiently typical of those of the putative class members, common issues of fact and law do not predominate over individual issues, damages cannot be proven on a class-wide basis, and a class action proceeding is not a superior alternative to the remedy offered by Costco to all of its members (a guaranteed-satisfaction return policy). As such, the putative plaintiff class representative cannot and will not adequately represent the putative class members, the putative class is not ascertainable, and a class action is not a superior method for adjudicating the claims set forth in the Complaint.

15.  The Complaint should be dismissed or suspended under the primary jurisdiction doctrine.

16.  Trident reserves the right to amend and/or supplement its Answer to assert any and all pertinent defenses ascertained through further investigation and discovery in this action. Trident will rely on all defenses that may become available during discovery or trial.

## TRIDENT'S PRAYER FOR RELIEF

Trident respectfully requests that the Court grant the following relief:

A. Dismiss all of Plaintiff's claims with prejudice;

B. Award costs of suit, including reasonable attorneys' fees, to Trident; and

C. Order such other relief as the Court may deem just and proper.

DATED: July 27, 2018

Respectfully submitted,

PERKINS COIE LLP

By: */s/ Adam H. Schuman*
Adam H. Schuman (AHS-3671)
Perkins Coie LLP
30 Rockefeller Plaza, 22th Floor
New York, NY 10112-0085

Kathleen M. O'Sullivan (KMOS-0601), *pro hac vice*
Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101
Tel: (206) 359-8000

*Attorneys for Defendant Trident Seafoods Corporation*

140642723.5

## CERTIFICATE OF SERVICE

I hereby certify that on July 27, 2018, I electronically filed the foregoing Answer and Affirmative Defenses of Defendant Trident Seafoods Corporation To Plaintiffs' Class Action Complaint with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following attorneys of record:

Gregory F. Coleman
William A. Ladnier
William Ethan Smartt
Greg Coleman Law PC
800 S Gay Street, Suite 1100
Knoxville, TN 37929

Jonathan Shub
Kevin Laukaitis
Kohn Swift & Graf PC
One South Broad Street, Suite 2100
Philadelphia, PA 19107

Jason T. Brown
Nicholas R. Conlon
JTB Law Group LLC
155 2nd Street, Suite 4
Jersey City, NJ 07302

DATED:  July 27, 2018

/s/ *Adam H. Schuman*
Adam H. Schuman (AHS-3671)
Perkins Coie LLP
30 Rockefeller Plaza, 22th Floor
New York, NY  10112-0085

*Attorney for Defendant Trident Seafoods Corporation*

140642723.5