**PERKINS COIE**

1201 Third Avenue
Suite 4900
Seattle, WA 98101-3099

T. +1.206.359.8000
F. +1.206.359.9000
PerkinsCoie.com

July 27, 2018

Kathleen M. O'Sullivan
KOSullivan@perkinscoie.com
D. +1.206.359.6375
F. +1.206.359.7375

**VIA ECF**

Honorable Joan M. Azrack, United States District Judge
United States District Court, Eastern District of New York
Long Island Courthouse
100 Federal Plaza
Central Islip, NY 11722

Re:   *Leibowitz v. Costco Wholesale Corp. and Trident Seafoods Corp.*, No. 1:18-cv-01254

Dear Judge Azrack:

We represent Defendants Costco Wholesale Corporation and Trident Seafoods Corporation. During the pre-motion conference conducted by your Honor on June 27, 2018, as well as your Order of that date, you ordered "limited discovery" and directed the parties to "submit a discovery plan" by today. Because the parties have been unable to agree on a discovery plan, we respectfully request that Your Honor "so order" the discovery plan proposed by Defendants below or, in the alternative, schedule a further conference with the Court to determine the scope of "limited discovery."

Background. In this putative class action, Plaintiff challenges the labeling of Kirkland Signature Wild Alaskan Fish Oil manufactured by Trident and sold by Costco. Defendants have provided Plaintiff with testing reports confirming that the Fish Oil content conforms to the statements on the labels, including testing reports as to the specific lot of Fish Oil cited in Plaintiff's Complaint. Plaintiff subsequently provided its lab analysis which is fatally defective because, among other things, the undated and unsigned report lacks basic laboratory controls around the product tested, and it reflects a failure to measure (or count) multiple kinds of fatty acids in the Fish Oil.

Particularly relevant to this application, Plaintiff's Complaint alleges that:

   - "Defendants make numerous representations on the labels of [the] Fish Oil, including the claim that the Product contains 1050 mg of Unsaturated Fatty Acids, consisting of 330 mg of Total Omega-3 Fatty acids and 720 milligrams of Omega Fatty Acids 5,6,7,9, & 11 per serving" (¶ 18);

   - "Testing of [the] Fish Oil … revealed that the Product contained substantially less than the promised 1050 mg of Whole Omega Fatty Acids (i.e., the integral component of the Product). Specifically, … the Product contained only 346.1 mg total omega-5s, 6s, 7s, 9s, and 11s, which is only 48.1 percent of the promised amount of such omegas" (¶ 20);

Honorable Joan M. Azrack, United States District Judge
July 27, 2018
Page 2

- "Plaintiff's counsel also commissioned its own independent analysis [which] found that the Product contained only 40% of the promised amount of omega-3 fatty acids, and only 21% of the promised amount of the remaining fatty acids." (¶ 21)

Further, the Complaint incorporates a photograph of a bottle of the Fish Oil baring the lot number 436894 (¶¶ 18, 24). Defendants' test reports, which were conveyed to Plaintiff's counsel months ago, tested the same particular lot of the Fish Oil shown in the Complaint and validated the representations on the label regarding the Fish Oil content. Moreover, unlike the testing conducted by Defendants, <u>Plaintiff relies upon laboratory testing that did not test for the very fatty acids cited in the Complaint as having been misrepresented</u>, "i.e., the integral component of the Product." (Compl. ¶ 20). Accordingly, Plaintiff lacks any sufficient basis for prosecuting his Complaint.

During the conference held by your Honor on June 27, Defendants requested that the Court set a schedule for "limited discovery" regarding laboratory testing, to be followed by a summary judgment by Defendants on this dispositive issue. Your Honor agreed, ordered the "limited discovery," and directed the parties to "submit a proposed discovery plan" by today.

<u>Defendants' Proposed "Limited Discovery."</u> Since the June 27 conference, counsel for the parties have conferred by telephone and email but have reached no agreement. The last proposal by Defendants conveyed on June 20 would provide for "limited discovery" from (a) the two third-party laboratories cited in Plaintiff's complaint, and (b) Defendants and third-party laboratories acting on their behalf, regarding the following items:

    1 - Testing results and test reports for the lot of the product purchased by Plaintiff;

    2 - Sample submission form, test request form, order form or other instructions, orders or requests for the testing, including regarding specific Omega fatty acids to be tested;

    3 - The method used to test the specimen, including any test reference;

    4 - Fatty acid standard and product specification;

    5 - Information regarding the specific and substance tested, including traceability information, such as sample receiving date, detailed sample description, and the lot number; and

    6 - The identities, qualifications, and accreditation of the laboratory facility and staff who conducted the test.

The "limited discovery" would not include: (a) ESI or similarly broad searches across emails or internal communications; (b) documents relating to the costs, production, marketing, advertising, distribution or sale of the product; (c) expert discovery; or (d) class discovery.

Honorable Joan M. Azrack, United States District Judge
July 27, 2018
Page 3

Plaintiff's Response. On June 26, counsel for Plaintiff advised that they could not provide a counter-proposal for "limited discovery." In particular, Plaintiff identified two elements of Defendants' proposal for "limited discovery" to be problematic: (a) the limitation to the lot number cited in Plaintiff's Complaint; and (b) the limitation to laboratory testing without also conducting expert discovery.

As stated above, Plaintiff's lab analysis fails in existential ways, which the proposed "limited discovery" will fully identify and, upon Defendants' moving for summary judgment thereafter, allow the Court to dismiss the Complaint with prejudice. More specifically, if Plaintiff's lab analysis failed to measure multiple kinds of fatty acids in the Fish Oil, then Plaintiff cannot cure this fundamental failure, as Plaintiff urges, by taking expansive discovery of laboratory testing by Defendants or by pursuing expert discovery. Relying on an entirely discredited lab analysis, Plaintiff would simply lack a sufficient basis for proving its allegations in the Complaint, and Defendants' motion for summary judgment would be timely and properly granted.

\* \* \*

Defendants respectfully request that Your Honor "so order" the discovery plan described above or, in the alternative, conduct a further conference in order to determine the scope of "limited discovery" to precede Defendants' motion for summary judgment.

Very truly yours,

Kathleen M. O'Sullivan

Perkins Coie LLP